IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH

FILED
U.S. DISTRICT COURT
2010 SEP 15 A 10: 30
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

Date:

MICHAEL WATERS   Pro Se

Plaintiff,

vs.

BANK OF AMERICA

Defendant.

CASE NO: 1:10-cv-150

Magistrate Judge Paul Warner

PLAINTIFF'S MOTION TO COMPEL FOR PRODUCTIONS OF DOCUMENTS

## PLAINTIFF'S MOTION TO COMPEL FOR PRODUCTIONS OF DOCUMENTS

To establish essential discovery of evidence necessary to the determination of the outcome of this civil action, Plaintiff motions the court for the entry of an Order directing Defendant to produce documents to provide and establish their proof of claim. The basis for the motion requested is set forth below.

1) If the Defendant can not and have not stipulated whether or not they are a Creditor (using Generally Accepted Accounting Principles) in this controversy, until they do, they do not have Standing in the controversy.

2) If the Defendant can not and have not provided proof they are in fact a Note Holder in Due Course and can not provide written proof giving the Defendant the authority to service the promissory note from the true Note Holder in Due Course, then they do not have Standing in this controversy.

3) If the Defendant created the money and credit upon its own books by bookkeeping entry as the consideration for the Promissory Note and represented to the Plaintiff that they

1

loaned him/her money, and Defendant did not disclose this fact to the Plaintiff, then the Defendant is committing fraud thus making the contract void ab initio. If the Defendant can not show actual loss to the amount equal to the purported loan, then the Defendant is guilty of fraud in factum and fraud in inducement, making the contract null and void.

4) If the original wet ink Promissory Note in fact has value and is in fact a check as provided in the Plaintiff's allegations, then the Promissory Note would have the words "Pay to the Order of" on the original negotiable instrument. It is therefore necessary for the Defendant to produce such an instrument to vindicate their innocence (or guilt) in this matter. If the Defendant will not or can not provide the true and original wet ink signature promissory note, then they are therefore unable to rebut the allegation. An allegation backed by an affidavit. An unrebutted affidavit stands as truth and evidence in support of the Plaintiff's claims.

**WHEREFORE**

Plaintiff hereby motions that this Honorable Court to enter an Order compelling the Defendant to produce the following documents as proof of claim:

1) Production of the original wet ink signature promissory note with allonge and Deed of Trust for visual inspection in Weber County, Utah.
2) Provide actual <u>verified</u> accounting records that shows that the Defendant is in fact a Creditor in the transaction whereby Defendant actually "debited" their account and "credits" the Plaintiff's on the alleged loan. The accounting record should show the balance sheet activity as a result of the Plaintiff's Promissory Note.
3) Provide an affidavit attesting to the source of funds used in the funding of the alleged loan made under penalty of perjury.
4) Provide an affidavit attesting that the Defendant have not sold the Promissory Note and have been paid for such, under penalty of perjury.
5) Provide an affidavit stating categorically that the Defendant is a Creditor (as per GAAP) in this transaction made under penalty of perjury by an Officer of the Defendant's company.

6)     Provide written authority from the verified true Note Holder in Due Course giving Defendant the right to service the note. The true and verified Note Holder in Due Course must:

       a) Be a person/entity identified as to owning the Promissory Note in it's entirety. Fractional ownership is insufficient proof of claim.

       b) Produce for visual inspection the original wet ink signature promissory note with allonge, and Deed of Trust.

_____

MICHAEL WATERS, Plaintiff pro se,