IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH

FILED
U.S. DISTRICT COURT
2010 SEP 15  A 10: 30
DISTRICT OF UTAH
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| MICHAEL WATERS Pro Se, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA <br><br> Defendant. | CASE NO.: 1:10-cv-150 <br><br> Magistrate Judge Paul Warner <br><br> MEMORANDUM OF LAW <br><br> RULE OF BEST EVIDENCE |

## MEMORANDUM OF LAW – RULE OF BEST EVIDENCE

The Plaintiff motions this court to take judicial notice of this memorandum of law for the Rule of Best Evidence.

This memorandum is specifically to address the issue the admissibility of a photocopy of the Deed of Trust and Promissory Note in this civil action.

Material to the issue is the chain of title that must appear on the original promissory note. As title is transferred from one owner to another, each Holder in Due Course assigns their interest to the next party in the chain of title as specified by Uniform Commercial Code.

A photocopy made years ago only captures information of the original transaction. It does not and can not answer the question of who the current holder in due course or the chain of title. The right to enforce the note under U.C.C Article 3 – § 3-301 is derived directly from the current holder in due course under U.C.C Article 3 – § 3-302.  Appendix A includes the

applicable Uniform Commercial Codes for this court's notice. For this purpose, a photocopy is considered a forgery and can not be admitted (under U.C.C Article 3 – § 3-302 (a) (1) ).

Under the Federal Rules of Evidence, an Original is required to be presented as "best evidence". In Omychund v Barker (1745) 1 Atk, 21, 49; 26 ER 15, 33, Lord Harwicke stated that no evidence was admissible unless it was "the best that the nature of the case will allow". The general rule is that secondary evidence, such as a copy or facsimile, will be not be admissible if an original document exists, and is not unavailable due to destruction or other circumstances indicating unavailability. This is codified into Federal Rules of Evidence Rules 1002 and 1003. Appendix B includes these rules for this court's notice.

Therefore, the Plaintiff respectfully motions this court to take judicial notice of this memorandum of law in admitting only the original wet ink signature promissory note and deed of trust as admissible evidence in this civil action. A photocopy is insufficient evidence where an original is available.

# Appendix A U.C.C – Article 3

**§ 3-301. PERSON ENTITLED TO ENFORCE INSTRUMENT.**
"Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3-309 or 3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

**§ 3-302. HOLDER IN DUE COURSE.**

  (a) Subject to subsection (c) and Section 3-106(d), "holder in due course" means the holder of an instrument if:

   (1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and

   (2) the holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in Section 3-306, and (vi) without notice that any party has a defense or claim in recoupment described in Section 3-305(a).

  (b) Notice of discharge of a party, other than discharge in an insolvency proceeding, is not notice of a defense under subsection (a), but discharge is effective against a person who became a holder in due course with notice of the discharge. Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment, or claim to the instrument.

  (c) Except to the extent a transferor or predecessor in interest has rights as a holder in due course, a person does not acquire rights of a holder in due course of an instrument taken (i) by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceeding, (ii) by purchase as part of a bulk transaction not in ordinary course of business of the transferor, or (iii) as the successor in interest to an estate or other organization.

  (d) If, under Section 3-303(a)(1), the promise of performance that is the consideration for an instrument has been partially performed, the holder may assert rights as a holder in due course of the instrument only to the fraction of the amount payable under the instrument equal to the value of the partial performance divided by the value of the promised performance.

  (e) If (i) the person entitled to enforce an instrument has only a security interest in the instrument and (ii) the person obliged to pay the instrument has a defense, claim in recoupment, or claim to the instrument that may be asserted against the person who

granted the security interest, the person entitled to enforce the instrument may assert rights as a holder in due course only to an amount payable under the instrument which, at the time of enforcement of the instrument, does not exceed the amount of the unpaid obligation secured.

(f)  To be effective, notice must be received at a time and in a manner that gives a reasonable opportunity to act on it.

(g)  This section is subject to any law limiting status as a holder in due course in particular classes of transactions.

# Appendix B: Federal Rules of Evidence

## ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS

**Rule 1001. Definitions**

For purposes of this article the following definitions are applicable:

(1) **Writings and recordings.** "Writings" and "recordings" consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

(2) **Photographs.** "Photographs" include still photographs, X-ray films, video tapes, and motion pictures.

(3) **Original.** An "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print therefrom. If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original".

(4) **Duplicate.** A "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduces the original.

**Rule 1002. Requirement of Original**

To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

**Rule 1003. Admissibility of Duplicates**

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

**Rule 1004. Admissibility of Other Evidence of Contents**

The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if--

(1) **Originals lost or destroyed.** All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or

(2) **Original not obtainable.** No original can be obtained by any available judicial process or procedure; or

(3) **Original in possession of opponent.** At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or

(4) **Collateral matters.** The writing, recording, or photograph is not closely related to a controlling issue.