IN THE UNITED STATES DISTRICT COURT

STATE OF UTAH

FILED
U.S. DISTRICT COURT
2010 SEP 15 A 10:30
DISTRICT OF UTAH
BY: _____ DEPUTY CLERK

| | |
|---|---|
| Michael Waters    Pro Se<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA<br><br>Defendant. | CASE NO.: 1:10-cv-150 PMW<br><br>POINTS AND AUTHORITIES IN SUPPORT OF DECLARATORY JUDGEMENT. |

## POINTS AND AUTHORITIES FOR DECLARATORY JUDGEMENT

**Arguments in Support of Enforcement of the Note**

Central to the Plaintiff's argument is the question of who is entitled to enforce the Deed of Trust and the promissory note. These two instruments are inseparable. The Defendant wishes to enforce the Deed of Trust yet has failed to show it controls the promissory note.

In order to prove the right of enforcement under UCC 3 - 301, the claimant must provide proof that:

1) They are the Holder in Due Course or

2) They have authority from the bona fide and singular Holder in Due Course

The Defendant has the presumption of law. Stating that they are the Holder in Due Course does not make it so. It is therefore critical that the original wet ink signature promissory note be presented and entered as evidence – front and back present.

The original negotiable instrument has both a bona fide signature from the Plaintiff to prove authenticity, as well as the chain of assignment of title.

At issue is not whether the Plaintiff signed a promissory note but who is entitled to enforce the note.

The Deed of Trust is the instrument that gives the holder of the Promissory Note the right of enforcement as evidenced by the words "This is a Deed of Trust which secures a Note." on the original Deed of Trust (See Exhibit A). Therefore, material to the issue is who owns the Promissory Note.

In CARPENTER V. LONGAN, 83 U.S. 271 (1872), it was ruled that:

> The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.
> All the authorities agree that the debt is the principal [Note] thing and the mortgage [Deed of Trust] an accessory. Much more.

Therefore, the right to enforce the Deed of Trust is subject to ownership of the Promissory Note.

In a non-judicial state, the governing law around a foreclosure action is covered under State Civil Code. The Civil Code is designed to be expedient but does not

preclude the homeowner from bringing the action judicially when controversy is brought up regarding the rights of the parties.

The Defendant has not brought any material evidence that proves they are the current holder in due course. In Wells Fargo Bank, N.A. v. Jordan, 2009 Ohio 1092 (Ohio App. 3/12/2009) 2009 Ohio 1092 (Ohio App. 2009) In re Foreclosure Cases states "Therefore if plaintiff has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law."

A certified photocopy of a the original note made years ago can not attest to any alterations, assignments or evidence to who ACTUALLY is the **current holder in due course** [emphasis] and has no standing as evidence for the purposes of this controversy. Therefore, for the purpose of this controversy, all photocopies are considered forgeries and are inadmissible.

It is the pattern and practice of banks to sell and assign notes. In a recent study by the Milken Institute in 2008, over 85% of loans made in 2006-2007 were securitized[1]. Therefore, it is material to the controversy is the question of "who is in fact the holder in due course."

---

[1] See eg, James R. Barth et al., A Short History of the Subprime Market Meltdown 5 fig.2 (Milken Institute 2008), available at http://www.milkeninstitute.org/publications/publications.taf?function=detail&ID=38801038&cat=Papers

If the Defendant is indeed just a servicer, then the Defendant must show that they have written authority from the Holder in Due Course to enforce the note under U.C.C 3 – 301.

Case Laws in Support of Homeowners against Mortgage Holders dismissed for Lack of Standing:

IN RE FORECLOSURE CASE (14) UNITED STATES DISTRICT COURT, NORTHER DISTRICT OF OHIO, EASTERN DIVISION (2007 WL 3232430, JUDGE CHRISTOPHER A. BOYKO, OPINION AND ORDER 31 OCTOBER 2007.

This Court issued an Order requiring Plaintiff-Lenders in a number of pending foreclosure cases to file a copy of the executed Assignment demonstrating Plaintiff was the holder and owner of the Note and Mortgage as of the date the Complaint was filed, or the Court would enter a dismissal. The Court has reached today's determination after a through review of all the relevant law and the briefs and arguments recently presented by the parties, including oral arguments heard on Plaintiff Deutsche Bank's Motion for Reconsideration.

However, the attached Note and Mortgage identify the mortgage and promisee as the original lending institution -- one other that the named Plaintiff. Ohio law holds that when a mortgage is assigned, moreover, the assignment is subject to the recording requirements of R.C. Sec. 5301.25. [Missouri has same requirement in RSMo 443 and other RSMo's.]

---

Foreclosure Case, 521 F.Supp.2d 650 (S.D.Ohio 2007) (14 cases) United States District Court, S.D. Ohio, Western Division, at Dayton, Nov 15, 2007

Standing and subject matter jurisdiction, To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an injury in fact that is concrete and particularized and actual (2) injury is fairly traceable to the challenged action of the defendant; and (3) as opposed to merely speculative, the injury will be redressed by a favorable decision. An affidavit documenting that the named plaintiff is the OWNER and HOLDER of the NOTE and MORTGAGE; and a corporate disclosure statement.  And the Court can *confirm standing and the existence of diversity jurisdiction at the time the foreclosure* complaint is filed.

---

Wells Fargo Bank, N.A. v. Jordan, 2009 Ohio 1092 (Ohio App. 3/12/2009) 2009 Ohio 1092 (Ohio App. 2009) In re Foreclosure Cases, Therefore if plaintiff has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law.

---

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., appellant, v NEBRASKA DEPARTMENT OF BANKING AND FINANCE, appellee, 704 N.W.2d 784, 270 Neb. 529, No. S-04-786, Oct 21, 2005, "In other words, through its services to its members as characterized by the district court, MERS does not acquire "any loan or extension of credit secured by a lien on real property."  MERS does not itself extend credit or acquire rights to receive payments on mortgage loans.  Rather, the lenders retain the promissory notes and servicing rights to the mortgage, while MERS acquires legal title to the mortgage for recordation purposes.
MERS serves as legal title holder in nominee capacity, permitting lenders to sell their interests in the notes and servicing rights to investors without recording each transaction.  But, simply stated, MERS has no independent right to collect on any debt because MERS itself has not extended credit, and none of the mortgage debtors owe MERS any money.  Based on the foregoing, we conclude that MERS does not acquire

1  mortgage loans, as defined in (Ohio) Section 45-702(8), and therefore MERS is not
2  subject to the requirements of the Act.

---

5  SUPREME COURT OF KANSAS 289 Kan. 528; 216 P.3d 158; 2009 Kan. LEXIS 834,
6  August 28, 2009 LANDMARK NATIONAL BANK V. KESLER, 40 Kan.App.2d 325, 192
7  P.3d 177, 2008 Kan.App. LEXIS 138 (2008)
8  The court also found that Sovereign's (bank) failure to register its interest with the Court
9  County Register of Deeds precluded it from asserting rights to the mortgage after
10 judgment had been entered.  MERS, nominee "is the mortgagee and is holding that
11 mortgage for somebody else." At another time he declared on the record that the
12 nominee "is more like a trustee or more like a corporation, a trustee that has multiple
13 beneficiaries you don't serve one of the beneficiaries you serve the trustee of the trust.
14 You serve the agent of the corporation."

16 Black's Law Dictionary defines a nominee as "[a] person designated to act in place of
17 another, in a very limited way" and as [a] party who holds bare legal title. for the benefit
18 of others or who receives and distributes the funds for the benefit of others. This
19 definition suggests that a nominee possesses few or not legally enforceable rights
20 beyond those of a principal who the nominee serves.

22 "A nominee of the owner of a note and mortgage may not effectively assign the note
23 and mortgage to another for want of ownership interest in said note and mortgage by
24 the nominee." Indeed, in the event that a mortgage loan somehow separates interest of
25 the note and the deed of trust, with the deed of trust lying with some independent entity,
26 the mortgage may become unenforceable.

1  In Re: Marty Eugene Box and Tammy Jean Box, Bankruptcy Westen District of Missouri
2  Case No. 10-20086, ORDER DENYING MOTION FOR RELIEF FROM STAY. Chapter
3  7 Trustee has challenged BAC's standing to seek relief from the stay. The Trustee
4  asserts a challenge. For the reasons that follow, the Court finds that BAC has not
5  proven that it is the Holder of the Note. Therefore it lacks standing, so its motion for
6  relief from stay will be denied. Serving Company lacked standing to foreclose. A parallel
7  to Belistre V. Ocwen.
8  _____
9  In Re Kang Jin Hwang, United States Bankruptcy Court, C.D. California, 396 B.R. 757,
10 No. LA08--153375B; Debtors. Holder, but not Owner of the Note, The transfer of a
11 negotiable instrument has an additional requirement:  the transferor must endorse the
12 instrument to make it payable to the transferee. May deny standing where movant did
13 not acquire note until after filing motion for relief from stay.
14 _____
15 In Re Robin Hayes, Debtor, No. 07-13967-JNF, United States Bankruptcy Court, D.
16 Massachusetts, August 19, 2008; For the reasons set forth below, the Court finds that
17 Deutsche Bank failed to trace the mortgage from Argent Mortgage Company, LLC to
18 itself and thus lacks standing to obtain relief from stay and to defend the Debtor's
19 Objection to the claim filed by AMC. [BK Petition filed 26 June, 2007] The assignment
20 was dated April 16, 2008, but it provided that the effective date of this assignment is
21 October 24, 2005. [? Backdated "assignment"] "Standing" The plain language of
22 section 362 of the Bankruptcy Code requires that one be a party in interest to seek relief
23 from stay. {And Much more} Creditor must show chain of assignments.
24 _____
25 In RE Darrell Royce Sheridan and Sherry Ann Sheridan, Debtors, Case No. 08-20381-
26 TLM United States Bankruptcy Court, District of Idaho. MERS --Party in interest and NO
27 STANDING. Endorsement in Blank; There is no date nor indication of who was or is the
28 transferee. Fieldstone Mortg. Co. may have indorsed the Note in Blank, but this

...

document does not alone establish that either HSBC Bank USA or Fieldstone Mortg. Investment Trust is the Note's Holder.

IN RE: Marty Eugene Box and Tammy Jean Box, Case No. 10-20086, United States Bankruptcy for the Western District of Missouri: Servicing Co. lacked standing to foreclose. [A parallel to Belistri Ocwen.] BAC has not produced the original Note, nor has it even produced a witness stating that BAC is in possession of the original Note. Indeed even the Affidavit, for what it is worth, fails to make such a statement. Since BAC has failed to demonstrate that the loan was properly assigned to it by Taylor Bean, it lacks standing to seek relief from the stay.

In RE: Barry Weisband, debtor, Case No. 4:09-bk-05175-EWH United States Bankruptcy Court for the District of Arizona; GMAC while it was in possession of the Note at the evidentiary hearing. It failed to demonstrate that the Note is properly payable to GMAC. A special endorsement to GMAC was admitted into evidence with the Note. However, for the Endorsement to constitute part of the Note, it must be on " a paper affixed to the instrument A.R.S. Sec 47-3204; Here the evidence did not demonstrate that the Endorsement was affixed to the Note. MERS Assignment of the Deed of Trust Did NOT Provide GMAC WITH STANDING. MERS primary function is to act as a document custodian. GMAC, as MERS assignee of the Deed of Trust, "stands in the shoes" of the assignor, taking only those rights and remedies the assignor would have had.

Major players in the mortgage lending industry created MERS to simplify the process of transferring mortgages by avoiding the need to re-record liens -- and pay court recorder filing fees --each time it is assigned.   MERS primary function is to act as a document.

Supreme Court of New York, Suffolk County 2006 slip Op 51534U; 2006 N.Y.Misc. LEXIS 2127824 N.Y.S.2d 769; Lasalle Bank National Association as Trustee C/O Chase Home Finance, LLC, Plaintiff(s) against Michael Lamy, Joan Lamy, Defendants' Ownership of the note and mortgage may be established by the lending documents themselves or by proof that the plaintiff is the owner of the note and mortgage by reason of an assignment of both the note and mortgage by the owner thereof to the plaintiff or by the owner's endorsement of the Note and its written assignment of mortgage to the plaintiff;

It is aximomatic that to be effective, an assignment of the note and a mortgage given as security therefore must be made by the owner of such note and mortgage and that an assignments made by entities having no owner ship interest in the note and mortgage pass not title there to assignee.

This is so because the mortgage is merely an incident of and collateral security for the debt and an assignment of the mortgage does not pass ownership of the debt itself. The December 29, 2005 assignment of mortgage is thus invalid.

---

WELLS FARGO BANK, N.A. AS TRUSTEE Ci-11 FOR OPTION ONE MORTGAGE LOAND TRUST 2007-CPI ASSET-BACKED CERTIFICATE SERIES 2007-CP1 PLAINTIFF, DANIEL DYMINSKI, DEFENDANT.. CASE MP/ 08-018162
Appearing in the Court File is a purported "allonge" which allegedly endorsed the Mortgage and Note to the Plaintiff. However, when undersigned counsel examined the Court File, this purported allonge was not affixed to the Promissory Note attached to the Plaintiff's Complaint nor, upon information and belief, is this purported allonge currently affixed to the Promissory Note. Furthermore, the purported allonge was not dated or notarized.

1. Standard of Review discussion, supra, exhibits attached to the Plaintiff's complaint are
2. part of the complaint, and the allegations made in the complaint do not agree with the
3. exhibits attached, the exhibits control.
4. A draft of the 1951 version of the UCC Article 3 included the comment that the
5. endorsement must be written on the instrument itself or an allonge, which as defined, is
6. a strip of paper so firmly pasted, stapled or otherwise affixed to the instrument as to
7. become part of it.

---

853 F.2d 163 Adams v Madison Realty & Development Inc & pc
This issue presented on this appeal is whether a good faith purchaser is a holder in due course of promissory notes containing endorsements on separate sheets of paper loosely inserted within each note. We answer in the negative and will vacate the judgment.

   The Code substituted the words "so firmly affixed as to become a part thereof for the phrase upon a paper upon a paper attached thereto.

   Mere ownership or possession of a note is insufficient to qualify an individual as a "holder". The instrument must be obtained through a process the Code terms "negotiation," defined as "the transfer of an instrument in such form that the transferee becomes a holder." U.C.C. Sec. 3-202(1). If the instrument is payable to order--as this the case with the notes here-negotiation is accomplished "by delivery with any necessary endorsement." Empire is not entitled to the status of a holder in due course.

---

In the case, Wet v. Axtell (Mo. 1929) 17 S.W.2d 328, the court indicated that a Trustee in a foreclosure sale must be in possession of the original Note and the Deed of Trust at the time of the sale.