Michael Waters
1330 W 3100 n
Pleasant View, UT 84414
Telephone 801-628-5323
Facsimile 314-689-1827

FILED
U.S. DISTRICT COURT

2010 SEP 29  A 10: 33

DISTRICT OF UTAH

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

Date: 09-28-2010

| | |
|---|---|
| MICHAEL WATERS   Pro Se<br>1330 W 3100 N<br>Pleasant View Ut 84414<br><br>           Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA<br><br>           Defendant, | OBJECTION TO MOTION TO DISMISS<br><br>(Oral Argument Requested)<br><br>Case No. 1:10-cv-150<br><br>Magistrate Judge Paul Warner |

## JUDICIAL NOTICE

Plaintiff moves this Honorable Court to take Mandatory Judicial Notice under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

b. In *Platsky v CIA*, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the plaintiff so that he could have amended his pleadings accordingly. Defendant respectfully reserves the right to amend this motion

1

## ~~Motion~~ Objection To Deny Defendants Motion to Dismiss.

The Plaintiff respectfully moves the Court for an order denying plaintiffs motion to dismiss all of the claims against BofA with prejudice.

The grounds for this motion are that (1) The Defendant through multiple opportunities has never stated for the record pursuant to, *inter alia,* F.R.Civ.P. Rule 17(a) stipulating and admitting on and for the record: A) whether or not they are representing the Holder in Due Course and the Creditor in this matter; B) are not in actuality acting as a debt collector in this matter (2) The Defendant has responded multiple times with letters stating that Defendant is indeed a Debtor but has never offered any proof when challenged. (3) Defendants Memorandum In Support Of Motion To Dismiss ignores and completely avoids the most important allegations made and offers no response of any kind. (4) At issue is not whether the Plaintiff signed a promissory note but **who is currently entitled to enforce the note as a real party of interest**. If the Defendant cannot and have not provided proof they are in fact a Note Holder in Due Course and can not provide written proof giving the Defendant the authority to service the promissory note from the true Note Holder in Due Course, then they do not have Standing in this controversy. (5) The money came from nowhere argument has a basis in fact that can be proved through discovery. This Motion is supported by a memorandum of points and authorities submitted concurrently herewith.

MICHAEL WATERS respectfully requests oral argument on this motion.


Respectfully submitted this 28th day of September, 2010

*[signature]*

MICHAEL WATERS
Pro Se