Michael D. Black (9132)
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, UT 84111
Telephone: (801)532-7840
Facsimile: (801)532-7750
mblack@parrbrown.com

Attorneys for Bank of America

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL WATERS,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA,<br><br>Defendant. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>(Oral Argument Requested)<br><br>Case No. 1:10-cv-150<br><br>Judge Bruce Jenkins |

Defendant Bank of America N.A. ("BofA") respectfully submits this reply memorandum in support of its Motion to Dismiss.

### ARGUMENT

Despite his protestations to the contrary, Waters' opposition memo makes clear that his claim is that BAC must "show him the note" to be able to foreclose.

This claim fails. Waters waived presentment and dishonor in the Note. It is clear that presentment is a waivable right. See Utah Code §70A-3-504(1)(c) and (d). Waters argues that he is nevertheless entitled to demand presentment of the "wet ink" note under Utah Code §70A-3-501(2)(b). That provision states that

> Upon demand of the person to whom *presentment is made*, the person *making presentment must*: (i) exhibit the instrument; (emphasis added)

If presentment is not required, there is no person making presentment and there is no right to demand exhibition of the instrument.

Second, the "wet ink" argument has already failed many times over, as demonstrated by the cases already cited by BofA in its opening memorandum. Waters does not contest that BofA was servicing the Note as agent for the Lender, and that no change in that status has ever occurred. BofA has at all times been the servicer of the Note and agent of the Lender. Waters' cannot make any valid claim to the contrary.

Nor does Waters claim that he is not in default. He has made no payments of any sort on the Note since January of this year. He has no defense to payment of the note. Status as a "holder in due course" is only relevant if there is a defense to payment of the note such as discharge, recoupment, etc. Because Waters has no defense to payment, his arguments about "holder in due course" status are not relevant, and he admits default. Having admitted default, he cannot complain about the foreclosure of the Trust Deed.

The deficiencies in Waters' other claims have been sufficiently briefed in BofA's opening memorandum, and Waters has raised nothing new in defense of those claims. Therefore, BofA will not restate those arguments here.

## CONCLUSION

For the foregoing reasons, the Motion should be granted and the Complaint should be dismissed with prejudice and without leave for Plaintiff to amend.

354411_1.DOC

RESPECTFULLY SUBMITTED this 15th day of October, 2010.

PARR BROWN GEE & LOVELESS, P.C.

By:  /s/ Michael D. Black
      Michael D. Black
      Attorneys for Bank of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of October, 2010, I electronically filed the

foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** with the

Clerk of Court using the CM/ECF system, and that a copy of the foregoing was sent by first class

U.S. mail, postage prepaid, to the following:

> Michael Waters
> 1330 W 3100 N
> Pleasant View, UT  84414

                                    /s/Michael D. Black